**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janet L. Carroll,<br><br>               Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>               Defendant. | No. CV-14-08187-PCT-NVW<br><br>**ORDER** |

Plaintiff Janet L. Carroll seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.    BACKGROUND**

Plaintiff was 52 years old at her alleged onset date of October 1, 2009, and 55 years old at the time of the ALJ hearing on January 16, 2013. She previously worked as a claims clerk, telephone salesperson, secretary, and office manager. She testified that she stopped working in 2009 because chronic pain and constant headaches interfered with her concentration and caused her to work too slowly. Among other things, Plaintiff has

degenerative disc disease of the cervical, thoracic, and lumbar spine, which she alleges causes chronic pain and severe headaches.

In September 2010, Plaintiff reported that she lived with her husband and was able to do very light housework. In September 2011, Plaintiff reported that her hobbies include knitting, crocheting, sewing, and scrapbooking. She also reported that she goes to the knit shop weekly and she does 50% of the housework and meal preparation. In November 2012, she reported that she lived with her husband, two children, and two dogs, and her hobbies included knitting, quilting, crocheting, and scrapbooking. In January 2013, Plaintiff testified that sitting for long periods of time causes her pain from her tailbone to her neck and numbness in her legs, and she can stand in one place no more than five minutes. She also testified that she can walk only half a block before she must stop and rest. She testified that she takes pain medications but they do not alleviate all the pain.

On July 26, 2010, Plaintiff applied for disability insurance benefits, alleging disability beginning October 1, 2009. On January 16, 2013, she appeared with her attorney in Needles, California, and testified at a video hearing before the ALJ located in Phoenix, Arizona. A vocational expert and a board-certified orthopedic surgeon also testified. On February 12, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On October 1, 2014, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a

preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted); *accord Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

### III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to

be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that she has not engaged in substantial gainful activity since October 1, 2009. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; vocal cord dysfunction caused by allergies; and degenerative arthritis. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff "has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c)." The ALJ further found that Plaintiff is capable of performing past relevant work as a claims clerk, telephone salesperson, secretary, and office manager.

## IV. ANALYSIS

### A. The ALJ Did Not Err in Weighing Medical and Other Source Opinion Evidence.

#### 1. Legal Standard

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must give weight to the

treating physician's subjective judgments in addition to his clinical findings and interpretation of test results. *Id.* at 832-33.  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* at 830; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  "Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it.  The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

Further, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Lester*, 81 F.3d at 830.  As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31.

The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician. *Id.* at 831.  "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn*, 495 F.3d at 631.  In deciding weight to give any medical opinion, the ALJ considers not only whether the source has a treating or examining relationship with the claimant, but also whether the

treatment or examination is related to the alleged disability, the length of the relationship, frequency of examination, supporting evidence provided by the source, and medical specialization of the source. 20 C.F.R. § 404.1527(c). Generally, more weight is given to the opinion of a specialist about medical issues related to his area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(c)(5).

The ALJ may discount a physician's opinion that is based only the claimant's subjective complaints without objective evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The opinion of any physician, including that of a treating physician, need not be accepted "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). An ALJ may reject standardized, check-the-box forms that do not contain any explanation of the bases for conclusions. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Rounds v. Comm'r Soc. Sec. Admin.*, __ F.3d __, 2015 WL 4620150 at * 6 (9th Cir. Aug. 4, 2015) (checkbox assessment alone does not constitute a medical opinion).

Under 20 C.F.R. § 404.1513(a), only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Other sources" are not entitled to the same deference as "acceptable medical sources." *Id.* The ALJ may discount testimony from "other sources" if the ALJ gives reasons germane to the witness for doing so. *Id.* Under 20 C.F.R. § 404.1513(d), "other sources" include chiropractors. Information from "other sources" cannot establish the existence of a medically determinable impairment, but the information "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939.

The Commissioner has final responsibility for determining whether a claimant meets the statutory definition of disability, and a statement by a medical source that the

claimant is "disabled" or "unable to work" is not controlling. 20 C.F.R. §§ 404.1527(d), 416.927(d).

## 2. The ALJ's Weighing of Opinion Evidence

The ALJ gave no weight to the opinions of treating physicians Barbara Harris-Feshami, M.D., and Rebecca Bushman, D.O., and to the opinion of treating chiropractor Kelly Shuffler, D.C. He gave "persuasive" weight to the opinions of examining physician Glenn R. Kunsman, D.O., regarding Plaintiff's ability to sustain competitive employment. He gave "great probative weight" to the testimony of Eric Dean Schmitter, M.D., a non-examining board-certified orthopedic surgeon, who testified as an independent and impartial medical expert. Plaintiff did not submit an opinion from Burhan Chinikhanwala, M.D., her treating rheumatologist.

The ALJ said he did not give any weight to Dr. Harris-Feshami's opinions because they only consider Plaintiff's subjective complaints, there are no objective findings to support her opinions, and a conclusion of disability is reserved for the Commissioner. Dr. Harris-Feshami's June 22, 2012 letter states that Plaintiff has a long history of chronic pain issues due to chronic arthritis and is "maintained on high doses of narcotics for her pain issues." It also states Plaintiff "finds herself unable to work because of the chronic pain she is in. The medications also affect her as well. She is pursuing disability and from her condition at this point in time, she is unable to work." Treatment notes indicate that the treatment Plaintiff received from Dr. Harris-Feshami was medication management. In the June 22, 2012 letter Dr. Harris-Feshami did not actually state her own opinion, but rather conveyed Plaintiff's opinion that she is unable to work.

The ALJ said he did not give any weight to Dr. Bushman's December 17, 2012 opinions because they only consider Plaintiff's subjective complaints and Dr. Bushman did not assess any exertional limitations on Plaintiff's ability to perform physical work-related activity. Dr. Bushman responded to questions on the first page and a half of a five-page Medical Source Statement, identifying Plaintiff's symptoms and medications, but did not respond to questions regarding malingering, whether Plaintiff's pain is severe

enough to interfere with concentration, and whether Plaintiff has any work-related limitations. Where asked to identify clinical findings and objective signs, Dr. Bushman wrote, "Spasming muscles in neck." Thus, Dr. Bushman's statement does not provide much that the ALJ could have given weight to.

The ALJ said he gave no weight to Dr. Shuffler's April 5, 2011 Lumbar Spine Medical Source Statement, Cervical Spine Medical Statement, and Arthritis Medical Source Statement and her June 21, 2010 opinion letter because a chiropractor is not an "acceptable medical source" and there is no objective medical evidence to support her finding that Plaintiff is unable to sustain work activity. Most of the information Dr. Shuffler provided would not have been observed during chiropractic assessment and treatment, and Dr. Shuffler heavily relied on positive rheumatoid arthritis blood test results dated October 9, 2009, but the October 9, 2009 lab tests were negative for rheumatoid arthritis. (The August 2, 2010 blood test results also were negative for rheumatoid arthritis.) Under SSR 06-03p, the ALJ could consider Dr. Shuffler's statements for special knowledge and insight into the severity of the impairment and how it affects Plaintiff's ability to function, but the statements do not show any special knowledge and insight.

The ALJ said he gave "persuasive weight" to the opinion of Dr. Kunsman, who examined Plaintiff on December 1, 2010, because the opinion is fully supported by and consistent with the evidence of the overall record. The ALJ described in detail much of Dr. Kunsman's eight-page report, including results of the December 1, 2010 imaging of Plaintiff's cervical, thoracic, and lumbar spine showing mild degenerative disc disease and mild osteoarthritis. Dr. Kunsman observed that Plaintiff was able to get on and off the exam table without assistance, rise from a sitting position, and ambulate without difficulty. He found full active range of motion in Plaintiff's back and neck and normal strength and sensations in Plaintiff's extremities.

The ALJ gave "great probative weight" to the testimony of Dr. Schmitter, a non-examining board-certified orthopedic surgeon, who testified that Plaintiff's most recent

X-rays of the cervical, thoracic, and lumbar spine showed mild degenerative disc disease and mild stenosis and agreed with the treating rheumatologist's diagnosis of degenerative arthritis and not rheumatoid arthritis.

In summary, Plaintiff's treating physicians did not convey their own opinions, and the ALJ gave clear and convincing reasons for giving no weight to their statements. Plaintiff's chiropractor's opinions relied heavily on Plaintiff having rheumatoid arthritis, but her rheumatologist said she did not have rheumatoid arthritis. The ALJ gave reasons germane to the chiropractor, *i.e.*, she was not an acceptable medical source and her opinion was not supported with objective medical evidence. The only thorough orthopedic examination was performed by the state agency examining physician, and all of Plaintiff's records were reviewed and summarized by the testifying orthopedic surgeon. Thus, the ALJ did not err by giving "persuasive weight" and "great probative weight" to the opinions of the examining and reviewing physicians.

### B. The ALJ Did Not Err in Determining Plaintiff's Residual Functional Capacity.

A residual functional capacity finding involves a detailed assessment of how a claimant's medical impairments affect his ability to work. In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of all symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ must consider the combined effect of multiple conditions, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). A plaintiff's illnesses "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995).

Plaintiff contends that substantial evidence shows that Plaintiff is unable to do any work at any level, but she does not identify any substantial evidence. She refers to "a variety of symptoms that would interfere constantly with attention and concentration, the

1  most persistent of which is plaintiff's headaches, which the ALJ found to be non-severe
2  due to no objective evidence."  The ALJ found that Plaintiff had been treated for
3  headaches, the impairment was controlled to a reasonable degree with prescribed
4  medications, and there was no objective evidence demonstrating significant limitations
5  caused by headaches.  Plaintiff does not challenge the ALJ's credibility determination in
6  this appeal and does not identify any acceptable medical source opinion stating that
7  headaches and/or other symptoms would interfere constantly with her attention and
8  concentration.  Plaintiff quotes from the ALJ's decision regarding symptoms identified
9  by Dr. Shuffler, but Dr. Shuffler did not mention headaches among Plaintiff's symptoms.
10 Although Dr. Shuffler opined that Plaintiff's pain in her lower back and legs would
11 constantly interfere with concentration, as found above, the ALJ did not err in giving no
12 weight to Dr. Shuffler's opinions.

13       Plaintiff also contends the ALJ erred in finding that Plaintiff has the residual
14 functional capacity to perform the full range of medium work because it was contrary to
15 the Agency's 5/23/12 Case Analysis, recommending a sedentary residual functional
16 capacity.  The 5/23/12 Case Analysis from which Plaintiff quotes states that even if
17 Plaintiff were assessed as capable of performing sedentary work, not medium work,
18 Plaintiff would still be denied benefits because her past relevant work was at the
19 sedentary level.  In other words, if the ALJ erred by assessing Plaintiff capable of
20 performing medium work instead of sedentary work, the error would be harmless.

21       Therefore, the ALJ did not err in determining Plaintiff's residual functional
22 capacity.

23
24
25
26 / / /
27 / / /
28 / / /

1       IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

      Dated this 8th day of September, 2015.

Neil V. Wake<br>
United States District Judge